IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**BARBARA BROWN**                                                                                     **PLAINTIFF**

**V.**                                          **No.  12-2203**

**JOHN ATWELL and**
**NEW PRIME, INC.**                                                                                 **DEFENDANT**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the court is the Defendant's Motion to Dismiss (ECF No. 19) filed November 6, 2012.  The Plaintiff filed a Response (ECF No. 27) on November 26, 2012.  The matter was referred to the undersigned on November 13, 2012 and is now ready for a Report and Recommendation.

**I.  Background**

The Plaintiff filed her Complaint (ECF No. 1) on September 10, 2012.  It appears that New Prime, Inc. was ultimately served on or about November 6, 2012 and promptly filed a Motion to Dismiss (ECF No. 19) on the same day.

The Plaintiff's complaint states in Count I that the Defendants "Atwell and Prime on August 23, 2005, did fail to yield to the flow of traffic, drive a commercial vehicle three (3) times into the side of the commercial vehicle Plaintiff was operating."  (ECF No. 1, ¶2).  The Plaintiff goes on to state that the accident occurred "in the Pilot Travel Center (Truck Stop), located in Cumberland County, Pennsylvania." (Id.).  The Plaintiff attached the Middlesex Township Police Department Report in her Brief of November 26, 2012. (ECF No. 27-1, pp. 3-6).  She then asserts that she hired attorneys to represent her, who evidently brought suit in the Circuit Court of

Greene County on October 24, 2007. (ECF No. 27-1, p.16). Ultimately the Plaintiff's attorneys were allowed to withdraw on March 15, 2011 (Id., p. 19), and the court refused to appoint counsel for her. (ECF No. 1, p. 2). The Greene County Circuit Judge granted a Motion for Summary Judgment in favor of John Atwell, and New Prime, Inc. on September 19, 2011. (ECF No. 27-1, p. 7, 21). The Plaintiff evidently appealed her case to the Missouri Court of Appeal which denied her appeal on May 10, 2012 (ECF No. 27-1, p. 8) evidently prompting her to file the current Complaint in the Western District of Arkansas on September 10, 2012. (ECF No.1).

The Plaintiff's prayer for relief in Court 1 states that "Plaintiff prays for judgment motion to be provided with equal protection under law (appointment of assistant or Legal Counsel), as well as New Trial under Federal Jurisdiction.

Count 2 of the Plaintiff's complaint is basically a complaint against her attorneys and the Judicial system in Missouri. Her prayer for relief states that "Plaintiff prays for judgment to reinstate legal citizenship, Plaintiff's Constitutional privileges, equal protection under law, right of Trial by Jury and Federal Investigation". (ECF No1, pp. 4-5).

The Defendant raises a number of arguments in its Motion to Dismiss, any one of which would have persuasive effect but the court will specifically address two.

## II. Discussion

**A. Rooker-Feldman Doctrine:**

The Defendant first contends the complaint should be dismissed because a federal district court lacks subject matter jurisdiction because of the Rooker-Feldman doctrine. The United States Supreme Court has held that the Rooker–Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments." Rooker–Feldman bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* 544 U.S. 280, 284, 125 S.Ct. 1517, 1521 - 1522 (U.S.,2005).

The Rooker-Feldman doctrine acts as a jurisdictional bar, such that federal courts are not permitted to reconsider matters finally decided by state courts. *Lemonds v. St. Louis County*, 222 F.3d 488, 492 (8th Cir.2000). This rule not only prohibits "straightforward appeals," but also federal court review of matters "inextricably intertwined" with state court rulings. Id. at 492-93. "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.' " Id. at 493 (*quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring)).*U.S. v. Timley* 443 F.3d 615, 628 (C.A.8 (Mo.),2006)

This is precisely the situation in the Plaintiff's case because she is complaining that she was denied her constitutional right to a trial because the Circuit Court in Missouri, where she initially filed her claim, refused to appoint her an attorney after he attorney withdrew and then granted the defendants' motion for Summary Judgment thereby denying her a Jury Trial.

A review of the Greene County Circuit Court Docket Sheet (ECF No. 27-1, pp. 15-21) shows the Plaintiff sued the same two Defendants on August 8, 2007. The case appears to have progressed normally until May 2011 when the Plaintiff's attorney moved to withdraw which was granted by the judge. (Id., p. 20). The Plaintiff then asked the circuit court to appoint her an attorney but that request was denied. (Id., p. 21) and the Defendants were ultimately granted a Summary Judgment in September 2011.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 780 (8th Cir.1995). The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim. *Swope*, 73 F.3d at 852; *In re Lane*, 801 F.2d 1040, 1043-44 (8th Cir.1986). The court notes that the circuit court's ruling came after the Plaintiff "delivered to Court and the Court marked filed, documents concerning her 401K".

Regardless, because of the Rooker-Feldman doctrine, the court does not have jurisdiction to act on the Plaintiff's complaint.

**B.  Limitations:**

The only allegation that involves New Prime, Inc. is the second paragraph of the Plaintiff's complaint which states:

> The case in question is Defendants Atwell and Prime on August 23, 2005, did fail to yield to the flow of traffic, drive a commercial vehicle three (3) times into the side of the commercial vehicle Plaintiff was operating. This accident, in which Defendant Atwell was cited, occurred in the Pilot Travel Center (Truck Stop), located in Cumberland County, Pennsylvania. Plaintiff has gone through three (3) Judiciary processes and procedures (Social Security Administration, Worker's Compensation and 8th Circuit Court of Appeals' decision on Accident Death and Dismemberment Insurance), being rendered 100% disabled.  (ECF No. 1, ¶2)

You have to go to the Plaintiff's other documentation, being the police report,  to realize that Mr. Atwell was driving a truck that was owned  by New Prime, Inc on the day of the collision. . (ECF No. 27-1, p. 3).  It is plead and documented that the accident complained of occurred in August 2005.

Whether the court applies the three-year statute of limitations of Arkansas, the two-year

statute of limitations of Pennsylvania, 42 Pa. Consol. Stat. § 5542, or the five-year statute of limitations of Missouri, Mo. Rev. Stat. § 516-120.4, the action is now barred.

### III.  Conclusion

Based upon the above the court recommends that the Motion to Dismiss (ECF No. 19) be **GRANTED.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22 day of March 2013.

/s/ J. Marschewski
James R. Marschewski
Chief United States Magistrate Judge